[Civ. No. 1192.   Second Appellate District.—December 16, 1912.]

CHARLES W. ROBINSON, Respondent, v. THE FOUR METALS SMELTING AND MINING COMPANY (a Corporation), Appellant.

ACTION FOR SERVICES AND USE OF PACK MULES—AGREED PRICE—SUPPORT OF FINDING—ABSENCE OF VARIANCE.—In this action for the services and use of pack mules, at the agreed price of one dollar a day for each mule, a finding to that effect is sufficiently supported, and it is held that there is no variance between the pleadings and the proofs, in that regard.

ID.—CAUSE OF ACTION FOR SALE AND DELIVERY OF ORE TO PLAINTIFF'S ASSIGNOR—SUPPORT OF FINDING ON ISSUES.—Upon a cause of action to recover for the sale and delivery of ore to plaintiff's assignor, where the only issues were as to the assignment and nonpayment, it is held that the decision upon those issues is sustained by the findings, as well as by the admissions of the pleadings.

ID.—EVIDENCE—WRITTEN ADMISSION OF AMOUNT DUE WRITTEN STATEMENT—ADMISSION OF INDEBTEDNESS.—A written statement involving admission of indebtedness was properly admitted in evidence.

APPEAL from an order of the Superior Court of Inyo County denying a new trial.   Wm. D. Dehy, Judge.

The facts are stated in the opinion of the court.

P. W. Forbes, for Appellant.

Wm. J. Clark, for Respondent.

ALLEN, P. J.—Plaintiff declared upon two causes of action: First, for the services and use of eleven certain pack mules for a period of seventy-seven days at an agreed price of one dollar per day for the service of each, the complaint averring an obvious aggregate amount of $847, and alleging an unpaid balance thereon of $697.   The second cause of action was on account of the sale and delivery by one Gunn to defendant of certain ore at an agreed price of $861.03, and the assignment of the cause of action on account thereof to plaintiff. The answer denied the hiring of the pack mules and the agreement to pay therefor any indebtedness on account thereof. As to the second cause of action, the only denial related to the assignment and the amount remaining unpaid.

The court found the allegations of the complaint to be true, that the denials of the answer were untrue and rendered judgment for plaintiff.   Motion for new trial was denied, and from the order denying such motion defendant appeals.

The only matters involved upon this appeal relate to the sufficiency of the evidence to support the findings and certain exceptions to the admission of evidence.   The record discloses ample evidence in support of the findings with reference to the first cause of action.   The objections to the introduction of evidence the subject of exception were highly technical and involved no prejudicial error; neither was there any variance between the allegations of the complaint and the proof.   The fair and reasonable construction which the court placed upon the evidence offered to support the first cause of action established an agreement, as set forth in the complaint, between the agent of plaintiff and defendant for the services of the mules at an agreed price.   Whether the written admissions of the amount due afterward executed by a manager or superintendent of defendant were binding upon defendant is of lit-

tle consequence in face of the fact that the liability and non-payment of the amount due was clearly established by other competent evidence. We are of opinion, however, that this written statement involving such admissions of indebtedness was properly received in evidence.

As to the second cause of action, the only issue was as to the assignment and nonpayment. Such assignment and nonpayment were established, and all findings of the court have support from the evidence and admissions.

We see no prejudicial error in the record, and the order denying a new trial is affirmed.

James, J., and Shaw, J., concurred.